IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **AUTO-OWNERS INSURANCE COMPANY**,<br><br>    Plaintiff,<br>v.<br><br>**PASKCO CONSTRUCTION, INC., dba ANTHEM CUSTOM HOMES**, a Utah Corporation; **CKA HOLDINGS, INC.**, a Utah Corporation; **ANTHEM CUSTOM HOMES, LLC**, a Utah Limited Liability Co.; **KARISSA ADAMS**, an individual; **CHASE ADAMS**, an individual; **KEITH PASKETT**, an individual; and **BARBARA PASKETT**, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS IN PART**<br><br>Case No. 2:23-CV-00191-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Plaintiff Auto-Owners Insurance Company ("Auto-Owners") seeks dismissal of the counterclaims brought against it by Defendants Paskco Construction, Inc. (dba Anthem Custom Homes), Chase Adams, and Keith Paskett (collectively, "Anthem"). Auto-Owners moves to dismiss the counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons stated below, Auto-Owners' motion (ECF No. 33) is granted in part and denied in part.

**BACKGROUND**[1]

Anthem took out an insurance policy with Auto-Owners in 2021. Pursuant to that agreement, Anthem agreed to build a custom home for the Porters. Following the completion of

---

[1] At the motion to dismiss stage, the court recites the facts as they are alleged in the pleadings. *See Albers v. Bd. of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014) (quoting *Cressman v. Thompson*, 719 F.3d 1139, 1152 (10th Cir. 2013)); *see also* Ann D. v. Blue Cross & Blue Shield of Wyo., No. 2:20-CV-00197-JNP, 2021 U.S. Dist. LEXIS 27632, at *2 n.1 (D. Utah Feb. 12, 2021). The court therefore places no weight on Auto-Owners' objection to the recitation of facts in Anthem's Opposition brief. *See* ECF No. 45, at 3–5.

construction, the Porters allegedly discovered a number of defects in Anthem's work. The Porters consequently terminated their construction contract and sued Anthem in state court to recover for alleged breach of contract (the "Construction Lawsuit"). In the Construction Lawsuit, the Porters allege that Anthem and its subcontractors are liable for more than $300,000 in damages caused by as many as fifteen construction errors in the Porters' home.

Anthem requested that Auto-Owners provide it with a legal defense in the Construction Lawsuit pursuant to Anthem's insurance policy. Auto-Owners agreed to provide a defense, albeit under a written reservation of rights. Notwithstanding its decision to conditionally recognize its duty to defend Anthem, the defense counsel that Auto-Owners selected has provided Anthem with practically no representation or defense to this point. Auto-Owners' selected counsel entered an appearance in the Construction Lawsuit, but has conducted no discovery, failed to appear at one or more court-scheduled hearings, has made no efforts to retain expert witnesses, and inadvertently disclosed a large batch of privileged communications to Anthem's opposing counsel. Anthem alleges "upon information and belief" that Auto-Owners did not want its defense counsel to incur substantial fees defending Anthem in the Construction Lawsuit, instructed its defense counsel to limit its expenses, and coordinated with counsel to provide a less than adequate defense while this declaratory action is being litigated. Fact discovery in the Construction Lawsuit was originally scheduled to end in August of 2023. In July 2023, however, the parties stipulated to extend the fact discovery deadline until January 31, 2024. ECF No. 45-2.

On March 21, 2023, Auto-Owners filed its complaint in this court, seeking a declaratory judgment that it owes Anthem no duty of defense or indemnification for the claims alleged against it in the Construction Lawsuit. ECF No. 2. In its Answer, Anthem raised counterclaims against Auto-Owners, alleging breach of both the parties' insurance contract and the covenant of good

faith and fair dealing. ECF No. 25, at 12-23. Auto-Owners' present motion seeks dismissal of Anthem's counterclaims on the bases that Anthem lacks an injury in fact sufficient to show standing, that Anthem's claims are unripe, and that Anthem's counterclaims insufficiently plead the element of damages. Despite finding that the court has subject-matter jurisdiction over this matter,[2] the court concludes that Anthem's counterclaims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), having failed to state a claim upon which relief may be granted.

## I. SUBJECT-MATTER JURISDICTION

### A. RULE 12(b)(1) STANDARD

First, Auto-Owners' motion seeks dismissal of Anthem's counterclaims pursuant to Rule 12(b)(1) on the basis that Anthem lacks standing or that Anthem's claims are unripe. ECF No. 33, at 11-13. Because Auto-Owners' motion attacks the factual existence of subject-matter jurisdiction, *see* ECF No. 33, at 10 n.1, the court does not presume the truth of Anthem's pleadings and will determine whether the court possesses subject-matter jurisdiction over Anthem's counterclaims based on the pleadings and their attached exhibits. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

### B. STANDING AND RIPENESS

Federal courts only possess jurisdiction to hear "cases" and "controversies." U.S. Const. Art. III, § 2. Constitutional standing determines which matters fall within those justiciable categories. A litigant who wishes to state a claim must therefore have standing—that is, the litigant must have suffered an injury in fact, caused by the defendant's conduct, which is redressable

---

[2] The court is obliged to resolve Auto-Owners' Rule 12(b)(1) motion first because the court cannot permit this matter to proceed or rule on other motions without first satisfying itself of the court's subject-matter jurisdiction. *See Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 866 (3d Cir. 1996) ("A court may not . . . exercise authority over a case for which it does not have subject matter jurisdiction.")). Put simply, if the court finds that it lacks subject-matter jurisdiction, it must dismiss the case, rendering Auto-Owners' Rule 12(b)(6) motion moot.

through the stated claim. *Citizen Ctr. v. Gessler*, 770 F.3d 900, 909 (10th Cir. 2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-01 (1992)). Of these elements, Auto-Owners contends that Anthem lacks an injury in fact sufficient to confer standing to bring its counterclaims. An "injury in fact" is a detriment to a legal interest that is concrete and particularized, actual or imminent, and not conjectural or hypothetical. *D.L. v. Unified Sch. Dist. No. 497*, 596 F.3d 768, 774 (10th Cir. 2010) (citing *Stewart v. Kempthorne*, 554 F.3d 1245, 1253 (10th Cir. 2009)). Auto-Owners attacks the imminence of Anthem's alleged injury, arguing that any harm "remains purely conjectural or hypothetical" at "this point in the litigation[.]" ECF No. 33, at 13.

The injury in fact element of standing determines who may sue, while ripeness delineates when a litigant with standing may sue.[3] If the court determines that Anthem's alleged injury is sufficiently actual or imminent to constitute an injury in fact, no separate inquiry into the constitutional ripeness of Anthem's claims is required. *See United States v. Supreme Court*, 839 F.3d 888, 903 (10th Cir. 2016) (citation omitted) ("The requirements of standing and constitutional ripeness overlap; if an injury 'is sufficiently imminent to establish standing, the constitutional requirements of the ripeness doctrine will necessarily be satisfied.'"). The court therefore must determine whether Anthem's alleged injury is sufficiently actual or imminent to provide standing to bring counterclaims against Auto-Owners.

### C. ANALYSIS

Auto-Owners insists that Anthem's counterclaims must be dismissed because the deadline

---

[3] A ripeness challenge may contest constitutional standing (i.e., whether an injury is sufficiently imminent to demonstrate an injury in fact), or it may contest prudential standing (i.e., whether an issue is fit for judicial review and the parties will suffer hardship in delaying the adjudication of claims). *See United States v. Cabral*, 926 F.3d 687, 693 (10th Cir. 2019). While Auto-Owners' briefs do not specify which form of ripeness it believes Anthem lacks, the court understands Auto-Owners to be bringing a challenge to the constitutional ripeness of Anthem's counterclaims. Otherwise, Auto-Owners would have brought its ripeness claim under Rule 12(b)(6) instead of Rule 12(b)(1). *See N. Mill St., LLC v. City of Aspen*, 6 F.4th 1216, 1230 (10th Cir. 2021) (citations omitted) ("Prudential ripeness is properly analyzed under Fed. R. Civ. P. 12(b)(6) rather than Rule 12(b)(1) because it does not implicate subject matter jurisdiction.").

for fact discovery in the Construction Lawsuit has been extended through the end of January 2024, such that any injury arising from its representation of Anthem in that case must be speculative rather than imminent. ECF No. 45, at 13-15. That argument would be persuasive if Anthem's counterclaims alleged only that Auto-Owners had conduced insufficient discovery in the Construction Lawsuit. But Anthem's counterclaims are not so limited. Instead, Anthem alleges a series of actions and decisions that Auto-Owners made in the course of defending Anthem, which have already resulted in actual harm to Anthem. Specifically, Anthem alleges that despite acknowledging a duty to defend Anthem, Auto-Owners selected counsel in the Construction Lawsuit that has not only failed to conduct timely discovery, but has also failed to appear on Anthem's behalf in at least one court-scheduled hearing and inadvertently disclosed a "large batch" of privileged communications to the Porters' counsel. ECF No. 36, at 6. Rather than pursuing a claim against the counsel that Auto-Owners retained on Anthem's behalf, Anthem attempts to tie counsel's insufficient representation to Auto-Owners in two ways. First, Anthem represents that it repeatedly informed Auto-Owners that its selected counsel was providing inadequate representation, such that Auto-Owners' intervention would be necessary if it were to satisfy its own duty to defend Anthem. ECF No. 25, at 15. Second, Anthem alleges "upon information and belief" that Auto-Owners did not want its defense counsel to incur substantial fees defending Anthem in the Construction Lawsuit and therefore instructed its defense counsel to limit its expenses and coordinated with the counsel it retained to provide less than an adequate defense while this declaratory action is being litigated. ECF No. 25, at 16, 20. The court finds both arguments persuasive.

      As Anthem argues, Auto-Owners could not meet its duty to defend by retaining counsel and doing nothing more. If it retained counsel on Anthem's behalf, but the counsel failed to even

5

enter an appearance in the Construction Lawsuit, the court does not doubt that Auto-Owners itself would be liable for failing to satisfy its duty to defend.[4] That scenario is not so different from Anthem's allegation that Auto-Owners' retained counsel on Anthem's behalf, and that counsel entered an appearance, but did nothing more for a period of many months.

Anthem's allegation "upon information and belief" that Auto-Owners and its counsel coordinated to minimize fees incurred in representing Anthem in the course of the Construction Lawsuit while defending under a reservation of rights provides a second tie between Anthem's injury and Auto-Owners' own conduct. Attempting to counter this allegation, Auto-Owners produced an affidavit from the adjuster handling the claim underlying the Construction Lawsuit, Ms. Lisa Weber. Ms. Weber's declaration states that "Auto-Owners has instructed Mr. Joyce to vigorously defend the claim filed by the Porters and has made no effort to interfere with or limit the defense. Indeed, it has authorized Mr. Joyce to undertake all actions that he deemed to be prudent and necessary for the defense of the Anthem Defendants." ECF No. 45-3, ¶ 12. Because Auto-Owners failed to raise this evidence in its motion and attached Ms. Weber's declaration only to its reply brief, the court may disregard the affidavit in its discretion. DUCivR 56-1(d). Moreover, because information regarding any illicit coordination between Auto-Owners and its selected counsel would be uniquely within Auto-Owners' possession and control, the court finds reason to give additional weight to Anthem's allegation "upon information and relief," that such coordination occurred.[5] Crediting Anthem's allegation made "upon information and belief" will

---

[4] In support of this conclusion, the court is persuaded by the Seventh Circuit Court of Appeal's long-standing conclusion that it would be "incomprehensible" to conclude that "the mere retention of [an] attorney . . . was a compliance with [an insurer's] obligation to defend the insured." *Thoresen v. Roth*, 351 F.2d 573, 575–76 (7th Cir. 1965); *see also Delatorre v. Safeway Ins. Co.*, 989 N.E.2d 268, 274 (Ill. Ct. App. 2013) ("[R]etaining an attorney, standing alone, does not discharge an insurer's duty to defend.").

[5] Courts have laid out two circumstances in which "information and belief" pleading is sufficient to survive a motion to dismiss: (1) "where the facts are peculiarity within the possession and control of the [counterclaim] defendant" and (2) "where the belief is based on factual information that makes the inference of culpability plausible." *See, e.g.,*

permit Anthem the opportunity to conduct discovery regarding the alleged coordination between Auto-Owners and its counsel, which in part underlies Anthem's claim to standing. Other facts render Anthem's allegation of coordination even more plausible.[6]

Auto-Owners represents that it will see to counsel's filing of third-party claims in the Construction Lawsuit. ECF No. 45-3, at 3–4. Perhaps Auto-Owners' counsel will conduct adequate fact discovery as well, despite its late start on those efforts. But Anthem has already incurred out-of-pocket expenses in the form of legal fees paid for alternative counsel, which it argues it was forced to retain to remedy the shortcomings of Auto-Owners' selected counsel on non-discovery related matters, including its failure to attend a court-scheduled hearing and its disclosure of privileged material. Despite Auto-Owners' insistence to the contrary, the extended deadline for fact discovery in the Construction Lawsuit cannot make that harm, which Anthem has already suffered, somehow speculative.[7]

In short, Auto-Owners cannot simply point to the fact that discovery is ongoing in the Construction Lawsuit to claim that *any* injury relating to its representation of Defendants in that suit is not imminent. Anthem suffered a concrete injury in fact sufficient to confer standing to bring its counterclaims when it was allegedly forced to retain alternative counsel to address Auto-Owners' unremedied errors in its representation of Anthem. And because there exists a plausible claim that Anthem's actual injury may have been caused by Auto-Owners itself, as opposed to its

---

*Dorf v. City of Evansville*, 2012 U.S. Dist. LEXIS 57416 (D. Wyo. Apr. 22, 2012) (citing *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)).

[6] *See* n.11, *infra.*

[7] In its Reply brief, Auto-Owners also suggests that it would amount to an advisory opinion for the court to find Anthem has suffered an injury in fact prior to the close of fact discovery in the Construction Lawsuit. *See* ECF No. 45, at 14–15. Because the court has found that Anthem has suffered an injury in fact based on harm that has already occurred, as opposed to harm that may occur if Auto-Owners' selected counsel fails to provide an adequate defense in later stages of the Construction Lawsuit, the court is not persuaded by this argument.

counsel, the court denies Auto-Owners' Rule 12(b)(1) motion.

## II. SUFFICIENCY OF THE PLEADINGS

### A. RULE 12(b)(6) STANDARD

Auto-Owners' Rule 12(b)(6) motion drives the court to "look for plausibility in th[e] complaint[,]" or in this case, in the Answer's counterclaims. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations and internal quotation marks omitted). The court "look[s] to the specific allegations in the [counterclaims] to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in counterclaims] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) ("Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient.") (citation omitted). Facts alleged "upon information and belief" may meet Rule 12(b)(6)'s plausibility standard so long as they are not merely conclusory,[8] and particularly if they are "peculiarly within the possession and control of the [counterclaim] defendant" or "based on factual information that makes [an] inference of culpability plausible."[9]

Dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate where the counterclaimant fails to "state a claim upon which relief can be granted" when "accept[ing] as

---

[8] *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[9] *See* n.3, *supra*. The Tenth Circuit Court of Appeals has applied this pleading standard in cases involving Rule 9's heightened pleading standard for allegations of fraud. *See, e.g. Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir. 2000) (citing *Scheidt v. Klein*, 956 F.2d 963 (10th Cir. 1992)). Other courts within the Tenth Circuit, however, have found occasion to more broadly apply this standard under Rule 12(b)(6). *See, e.g., Lee v. U.S. Bank N.A. (In re Lee)*, 2019 Bankr. LEXIS 3472, at *3 (Kans. Bankr. Nov. 7, 2019) (collecting cases); *Dorf*, 2012 U.S. Dist. LEXIS 57416 (citing *Arista Records, LLC*, 604 F.3d at 120). The court follows these cases' persuasive reasoning, applying the standard adopted by several circuit courts of appeal to hold Anthem's "information and belief" pleading sufficient to satisfy Rule 12(b)(6)'s pleading requirement if Anthem's allegations are based on factual content that permits a reasonable inference of plausibility.

true all well-pleaded factual allegations in the complaint and view[ing] them in the light most favorable to the [counterclaimant]." *Burnett*, 706 F.3d at 1235 (citing Fed. R. Civ. P. 12(b)(6)). Unlike a Rule 12(b)(1) motion, which may address the factual existence of subject-matter jurisdiction based on pleadings and evidence, a Rule 12(b)(6) motion is limited to the sufficiency of the allegations "within the four corners of the [counterclaims]"—additional allegations made in a response brief or attached exhibits cannot be considered. *Mobley v. McCormick*, 40 F.3d 337 (10th Cir. 1994); *see also Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003).

### B. ANTHEM'S COUNTERCLAIMS

#### i. Breach of Contract

To survive Auto-Owners' motion to dismiss, Anthem's counterclaim for breach of contract must have adequately alleged that Anthem suffered damages as a result of Auto-Owners' alleged breach of the parties' contract. *See, e.g., Espenschied Transp. Corp. v. Fleetwood Servs.*, 2018 UT 32, ¶ 15, 422 P.3d 829 (quoting *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224 ("The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) *damages*.") (emphasis in original)). In its Answer, Anthem alleges that "[a]s a direct and proximate result of Auto-Owners' breaches of the Policy, Anthem has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than $75,000." *See* ECF No. 25, ¶¶ 77, 85, 92.[10] Auto-Owners contests the sufficiency of that allegation. "[A]bsent the conclusory . . . allegation that it has suffered harm," it writes, Anthem has "failed to adequately allege an essential

---

[10] The court identifies three allegations of damages in the Answer's counterclaims. *See* ECF No. 25, ¶ 77 ("Anthem has been damages as a result of Auto-Owners' conduct."); ¶ 85 ("As a direct and proximate result of Auto-Owners' breaches of the Policy, Anthem has suffered and will continue to suffer damages in an amount to be determined at trial but in no event less than $75,000."); ¶ 92 ("As a direct and proximate result of Auto-Owners' breach, Anthem has suffered damages in an amount to be determined at trial but in no event less than $75,000.").

element of a cause of action sounding in contract, i.e., 'damages.'" ECF No. 33, at 15. The court agrees.

In opposition to the motion, Anthem merely argues that because "the [Construction] Lawsuit seeks significant damages above $300,000, it is certainly plausible that Anthem will suffer well over $75,000 in damages." ECF No. 36, at 20. The court cannot possibly agree that such an allegation is sufficient at the motion to dismiss stage, where the court's role is to look for plausibility in the four corners of the pleadings—not to speculate as to each party's chance of prevailing in a related case being litigated in state court.

In the alternative, Anthem attempts to avail itself of nominal damages, which it insists it may rely upon to survive a Rule 12(b)(6) motion to dismiss even if it has alleged no contract damages. ECF No. 36, at 19. The Tenth Circuit dismissed this argument in a recent opinion, explaining that a litigant may attempt to evade Fed. R. Civ. P. 12(b)(6)'s requirement of alleging damages by making a claim for nominal damages, but does so only at the expense of sacrificing its claim to standing. *See Meier v. Chesapeake Operating, L.L.C.*, 778 Fed. App'x 561, 568 (10th Cir. 2019) (unpublished) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989)) (stating that a litigant who alleges only nominal damages cannot prove it has suffered an injury in fact sufficient to support standing).

Finally, Anthem's opposition brief supplements its counterclaims' factual allegations with the assertion that it was forced to pay new legal counsel in the Construction Lawsuit to address Auto-Owners' selected counsel's failure to attend hearings and to catch and remedy inadvertent disclosures of privileged information. ECF No. 36, at 12-13. As discussed above, this allegation is relevant to the court's standing and ripeness inquiry, and Fed. R. Civ. P. 12(b)(1) permits the court to consider Anthem's evidentiary exhibits supporting this claim for purposes of determining that

the court has subject-matter jurisdiction. If these allegations were contained in the Answer, Anthem's allegation of coordination between Auto-Owners and its counsel (made upon "information and belief") would allege damages caused by Auto-Owners with sufficient plausibility to survive the motion to dismiss.[11] By contrast, however, new factual allegations not raised in the Answer cannot be considered in deciding a 12(b)(6) motion, which requires the court to avert its eyes from allegations made beyond the four corners of the pleadings. *See Mobley*, 40 F.3d 337; *see also Issa*, 354 F.3d at 1179. Despite the fact that Anthem adequately pled that these damages were caused by Auto-Owners (as opposed to having merely been caused by negligent representation offered by Auto-Owners' selected counsel), Anthem's pleadings fail to include the allegation of attorney fees that Anthem made in its opposition to the motion.

Confined to the allegations made in the pleadings, the court finds that Anthem has made no allegation of damages to support its counterclaims besides the conclusory assertion that it has suffered harm. Anthem asks the court to make its best guess as to the outcome of the Construction Lawsuit in order to find damages caused by Auto-Owners' alleged breach of the parties' insurance contract. But damages that result from the outcome of that state court suit cannot be said to rise above "the speculative level" and are therefore insufficient to survive Auto-Owners' motion

---

[11] As stated previously, Anthem's "information and belief" pleading is sufficient to satisfy Rule 12(b)(6)'s pleading requirement if Anthem's allegations are based on factual content that permit a reasonable inference of plausibility. The court finds an inference of plausibility reasonable based on two facts. First, Auto-Owners agreed to represent Anthem under a reservation of rights, but its selected counsel was inactive in the Construction Lawsuit for months, conducting no fact discovery until the deadline to do so had nearly passed. Second, Auto-Owners' counsel only sprung into action in the Construction Lawsuit—stipulating to an extension of the fact discovery deadline and at last filing third-party claims—when Auto-Owners suddenly faced liability due to Anthem's filing of its Answer and its related counterclaims. Anthem still alleges that Auto-Owners' counsel is slow-playing its defense in the Construction Lawsuit, failing to engage in fact discovery despite the approaching extended deadline and taking no steps to obtain relevant expert testimony or otherwise advance Anthem's defenses and third-party claims. These facts are sufficient to make Anthem's allegations of coordination between Auto-Owners and its counsel plausible, despite having been pled only upon information and belief. And Anthem's allegation of coordination would be sufficient to tie its alleged injury to Auto-Owners, as opposed to its counsel.

11

brought under Fed. R. Civ. P. 12(b)(6). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

For the foregoing reasons, the court finds that Anthem's breach of contract counterclaim failed to state a claim upon which relief may be granted. The court therefore grants Auto-Owners' motion to dismiss Anthem's counterclaim for breach of contract pursuant to Fed. R. Civ. P. 12(b)(6). Because the court recognizes that Anthem is now in possession of additional facts that support its claim for damages (i.e., the fees it has incurred to hire independent legal counsel discussed above), the court dismisses Anthem's breach of contract counterclaim without prejudice. Moreover, the court grants Anthem leave to amend this counterclaim for the purpose of augmenting the factual allegations regarding its damages.

### ii. Breach of the Covenant of Good Faith and Fair Dealing

Under Utah law, "[a] claim for breach of the covenant of good faith and fair dealing is a derivative of the breach of contract claim." *Am. W. Bank Members, L.C.*, 2014 UT 49, ¶ 19. As a result, Auto-Owners insists that Anthem's breach of covenant claim should be dismissed under Rule 12(b)(6) for the same reasons as its breach of contract claim: the insufficient allegation of facts to support Anthem's claim of damages.

Anthem relies upon the "same facts" for its claims alleging breach of contract and breach of the covenant of good faith and fair dealing, although it presents the latter claim "with the additional allegation that Auto-Owners is 'attempting to evade and/or disclaim its defense and indemnification obligations under the policy[.]'" ECF No. 33, at 17. To the extent that the court found Anthem insufficiently pled the damages element of its breach of contract claim, Auto-Owners insists that "[a] similar analysis" should apply to Anthem's claim for breach of the covenant of good faith and fair dealing. *Id.* The court agrees. "Because [the Counterclaimants] did not allege the existence of facts required to plead a breach of contract," it is necessarily true that

12

Counterclaimants also "failed to plead a breach of the covenant of good faith and fair dealing. *See, e.g., Am. W. Bank Members, L.C.*, 2014 UT 49, ¶ 19. The court need not proceed further to conclude that Anthem's counterclaim for breach of the covenant of good faith and fair dealing necessarily ought to be dismissed without prejudice, the Answer having failed to state a claim upon which relief may be granted. As with Anthem's breach of contract claim, the court grants Anthem leave to amend.

**ORDER**

Consistent with this Memorandum Decision and Order, Auto-Owners' Motion to Dismiss (ECF No. 33) is **GRANTED** in part and **DENIED** in part. The counterclaims raised in the Defendants' Answer (ECF No. 25) are **DISMISSED** with leave to amend, having failed to state a claim upon which relief may be granted. Defendants may file an amended Answer, if any, by no later than February 25, 2024.

Signed January 25, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge